UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ALVIN E LINTON, III,

                Petitioner,

v.                                                                        Case No. 23-cv-1180-bhl

GARY BOUGHTON,

                Respondent.
_____

## ORDER GRANTING MOTION TO DISMISS
_____

        On September 7, 2023, petitioner Alvin E. Linton III, a Wisconsin state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) He paid the $5.00 filing fee on September 19, 2023. (ECF No. 4.) Linton asserts two grounds for relief, contending that: (1) his "trial counsel was ineffective for providing false information to get petitioner to take a plea deal"; and (2) "the prosecution falsely represented the conclusions of the DNA results and what the video showed to induce/coerce a plea deal." (ECF No. 1 at 6–7.) The Court screened Linton's petition on September 21, 2023. (ECF No. 5) It noted that Linton had not exhausted his claims in state court. Thus, they appeared to be procedurally defaulted. But the Court determined that ruling on procedural default was premature and ordered Respondent to answer the petition or file a dispositive motion.

        On November 10, 2023, Respondent filed a motion to dismiss Linton's petition on grounds that his claims are procedurally defaulted due to his failure to exhaust either in state court. (ECF No. 9; ECF No. 10 at 1.) As set forth in the Court's screening order, Linton had 45 days to file a brief in opposition to Respondent's motion. (ECF No. 5 at 4.) Linton failed to file a timely response. Accordingly, on February 12, 2024, well past the deadline to respond, the Court alerted him to this failure but gave him a final chance to respond and ordered him to file his brief in opposition by February 26, 2024. (ECF No. 11.) The Court warned Linton that failure to comply may result in Respondent's motion being granted as unopposed. (*Id.*) The latest deadline has now also passed and Linton has not filed any opposition.

Given that more than 130 days have passed since his response was due, Linton's petition will be dismissed. *See* Civil L. R. 41(c). Dismissal is also appropriate on the merits because the record confirms that Linton's claims are procedurally defaulted. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). In his petition, Linton admits that he did not raise his claims in state court, explaining that he "lacks the mental capacity to litigate pro se." (ECF No. 1 at 7–8.) The record confirms however that Linton was represented by counsel during his postconviction proceedings in state court. (*See* ECF Nos. 10-4, 10-5, 10-7.) Having failed to demonstrate cause and prejudice necessary to overcome procedural default, Linton's request for federal habeas relief is barred. *See Lewis*, 390 F.3d at 1026.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, ECF No. 9, is **GRANTED** and Linton's petition is **dismissed with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 21, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge